**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO MARINEZ-LOBATO,<br><br>                Petitioner,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,<br><br>                Respondents. | Case No.: 3:26-cv-00541-RBM-DEB<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Mario Marinez-Lobato's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED IN PART**.

## I.    BACKGROUND

Petitioner, a Mexican national, last entered the United States in 2012.  (Doc. 1 ¶ 16.)[1] Petitioner was detained by Respondents on December 3, 2025.  (*Id.* ¶ 2.)  Since then, Petitioner has remained detained at the Otay Mesa Detention Center pending removal proceedings.  (*Id.* ¶ 8.)  "Petitioner previously filed a custody redetermination request under

---

[1]  The Court cites the paragraph numbers of the Petition and the CM/ECF electronic pagination for other citations unless otherwise noted.

1

8 C.F.R. § 1236 through former counsel, but that request was withdrawn." (*Id*. ¶ 3.)

On January 28, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.)  The Court issued an Order to Show Cause and set a briefing schedule shortly thereafter.  (Doc. 2.)  Respondents filed a Response to Petition on February 4, 2026.  (Doc. 4.)  Petitioner had until February 9, 2026 to file an optional reply (*see* Doc. 2 at 2), but did not do so.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id*. § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims he is being detained in violation of 8 U.S.C. § 1226 and the Fifth Amendment's Due Process Clause.   (Doc. 1 ¶¶ 23–34.)   Respondents concede that Petitioner, as a class member of the Bond Eligible Class certified in *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), is detained under 8 U.S.C. § 1226(a) and therefore entitled to a bond hearing.  (Doc. 4 at 2.)  While Petitioner requests his immediate release from custody (*see* Doc. 1 at ¶ 4), he fails to advance any arguments in support of his request.  Because the Parties agree Petitioner is detained under § 1226, the Court finds that Petitioner is entitled to a bond hearing.[2]

---

[2]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

2

3:26-cv-00541-RBM-DEB

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**.  To the extent Petitioner requests to be immediately released from custody, the Petition is **DENIED**.  Accordingly, the Court further **ORDERS** as follows:

1. Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) **within seven days** of the entry of this Order.  At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[3] Respondents **SHALL NOT** deny Petitioner's bond on the basis that his detention is governed by the mandatory detention provision under 8 U.S.C. § 1225(b)(2).

2. If the bond hearing is not conducted **within seven days** of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

3. Respondents **SHALL FILE** a status report on or before **March 6, 2026**, indicating whether and when Petitioner received a bond hearing.

**IT IS SO ORDERED**.

DATE:  February 20, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3]  *See Sadeqi v. LaRose*, — F. Supp. 3d —, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

3

3:26-cv-00541-RBM-DEB